NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2601
_____

SHERRI LEE STEVENS
a/k/a SHERRI LEE HOWELL

v.

DELAWARE COUNTY; JOSEPH F. MCGINN;
OFFICER JOSEPH V. NIGRO; JOHN DOE;
JOHN DOES 1-2, SUED INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY, HELD LIABLE JOINTLY AND SEVERALLY

JOSEPH V. NIGRO,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 08-2358)
District Judge: Honorable Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2011
_____

Before: JORDAN, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion Filed:April 5, 2011)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Joseph Nigro ("Nigro") seeks review of the decision of the District Court for the Eastern District of Pennsylvania denying Nigro's motion seeking summary judgment based on his claims of quasi-judicial immunity and qualified immunity. Since the District Court's decision denied summary judgment based on the existence of genuine issues as to material facts, this Court has a limited scope of review. For the reasons set forth below, based on the facts identified by the District Court as in material dispute, we conclude that Nigro was not entitled to judgment as a matter of law on immunity grounds. We will affirm the District Court's decision.[1]

## I. Background

We write primarily for the benefit of the parties and assume familiarity with the background facts, which are not recounted here.

Sherri Lee Stevens ("Stevens") filed a complaint seeking relief, pursuant to 42 U.S.C. § 1983, based on events relating to the service of a subpoena and her subsequent arrest for failing to comply with the subpoena. As thoroughly discussed in the District Court's opinion, Stevens's version of these events differs significantly from the version Nigro sets forth.

## II. Jurisdiction

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1332. We have

---

[1] We note that our decision does not prevent Nigro from renewing his claims for immunity at trial. Ortiz v. Jordan, 131 S.Ct. 884, 889 (2011) ("A qualified immunity defense, of course, does not vanish when a district court declines to rule on the plea summarily. The plea remains available to the defending officials at trial; but at that stage, the defense must be evaluated in light of the character and quality of the evidence received in court.").

jurisdiction under 28 U.S.C. § 1291, pursuant to the collateral order doctrine.

### III. Analysis

In Mitchell v. Forsyth, 472 U.S. 511 (1985), the Supreme Court concluded that courts of appeals have jurisdiction to review an order denying a motion for summary judgment on qualified immunity grounds when the question decided by the district court is a purely legal one. Id. at 530 ("[W]e hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). However, that exception does not extend to cases involving review of factual disputes. Johnson v. Jones, 515 U.S. 304, 313 (1995). See also Ortiz v. Jordan, 131 S.Ct. 884, 889 (2011).

In Johnson, the Supreme Court concluded that "the District Court's determination that the summary judgment record in this case raised a genuine issue of fact concerning petitioners' involvement in the [underlying events] was not a 'final decision' within the meaning of the relevant statute." 515 U.S. at 313. "[C]onsiderations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of 'qualified immunity' matters to cases presenting more abstract issues of law. Considering these 'competing considerations,' we are persuaded that '[i]mmunity appeals . . . interfere less with the final judgment rule if they [are] limited to cases presenting neat abstract issues of law.'" Id. at 317 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3914.10).

3

Although some may read <u>Johnson</u> to divest a court of appeals of jurisdiction as soon as the district court identifies disputed issues of fact between the parties precluding the grant of summary judgment, we believe under our jurisprudence <u>Johnson</u> is not to be read so narrowly. We have jurisdiction and our inquiry is more involved than it might appear.[2]

In <u>Forbes v. Township of Lower Merion</u>, 313 F.3d 144, 149 (3d Cir. 2002), we endorsed a supervisory rule that requires District Courts, when denying motions for summary judgment in § 1983 actions sought by defendants based on qualified immunity, to specify the material dispute of fact. Identifying the disputed facts allows this Court to resolve the legal issue presented by the facts which the District Court, viewing the record in the light most favorable to the plaintiffs, determined would permit a recovery despite the immunity doctrine. We cannot review the adequacy of the record to support the set of facts that the District Court found would justify a plaintiff's recovery.

Here, the District Court identified genuine issues as to material facts in dispute that warrant the denial of immunity, at this stage. We are bound by the facts the District Court determined the record would support. As we explained in <u>Shieber v. City of Philadelphia</u>, 320 F.3d 409, 415 (3d Cir. 2003) (internal citations omitted):

> This Court has jurisdiction to review a District Court denying qualified immunity at the summary judgment stage under the collateral order doctrine to the extent that the denial turns on questions of law. We exercise plenary review over the questions of law. We have no jurisdiction, however, in an

---

[2] Nigro bases much of his argument on appeal on his disagreement with the District Court's statement of the facts. To the extent Nigro seeks to have us review the facts, we cannot do so based on the holding in <u>Johnson</u>.

4

> interlocutory appeal to review a District Court's determination that there is sufficient record evidence to support a set of facts under which there would be no immunity. Thus, where the District Court has adopted a set of facts for the purpose of ruling on the qualified immunity issue, we must accept those facts when reviewing a denial of immunity.

See also Montanez v. Thompson, 603 F.3d 243 (3d Cir. 2010) (While there may be a material dispute of fact we "may . . . properly exercise jurisdiction over this appeal to determine whether the set of facts identified by the District Court was sufficient to establish a violation of a clearly established right."); Johnson, 515 U.S. at 319 ("When faced with an argument that the district court mistakenly identified clearly established law, the court of appeals can simply take, as given, the facts that the district court assumed when it denied summary judgment for that (purely legal) reason.").

Here, the District Court satisfied the requirements of our Forbes supervisory rule and thoroughly set forth the material facts it found to be in dispute. The District Court concluded that, drawing all inferences from these facts in favor of Stevens, the non-moving party, immunity would not exist since a law enforcement officer should know that he should not falsify information on subpoenas. That is, the District Court stated:

> Defendants argue that Defendant Nigro merely executed a valid bench warrant, and that he therefore arrested Plaintiff with probable cause. However, the issue of an arrest warrant will not shield an officer from liability for wrongful arrest or violation of due process rights where the warrant was issued based on a false statement, made by the officer knowingly and deliberately or recklessly. Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000) (citing Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)).

App. at 8-9.

5

The District Court correctly identified the controlling legal principle — that when an officer knowingly, deliberately, or recklessly makes a false statement in an affidavit, that officer is not protected by any immunity doctrine. The facts identified by the District Court as material to the determination of this principle are in dispute. That is, Stevens's version of the facts supports the conclusion that Nigro falsified information on the return of service affidavit, while Nigro's version of the facts supports the opposite conclusion. Therefore, summary judgment cannot be granted at this time.

## IV. Conclusion

We will affirm the District Court's denial of summary judgment.